UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20110-CR-GAYLES/GOODMAN**
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 2261A(2)(A)
18 U.S.C. § 844(h)
18 U.S.C. § 1952(a)
18 U.S.C. § 981(a)(1)(C)

FILED BY ____MP____ D.C.

Mar 20, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

vs.

**BAYRON BENNETT,
MICHAEL JOSE DULFO,
JERREN KEITH HOWARD, and
EDNER ETIENNE,**

        Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Stalking Conspiracy**
**18 U.S.C. §§ 371 & 2261A**

Beginning from in or about June 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 7, 2024, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,
MICHAEL JOSE DULFO,
JERREN KEITH HOWARD, and
EDNER ETIENNE,**

did, with the intent to kill, injure, intimidate, and place under surveillance with intent to kill, injure, and intimidate another person, that is, VICTIM 1, use any interactive computer service and electronic communication service and electronic communication system and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury to that person and an immediate family member, in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendant used a dangerous weapon during the offense.

## OBJECT OF THE CONSPIRACY

It was part of the conspiracy that **BAYRON BENNETT, MICHAEL JOSE DULFO, JERREN KEITH HOWARD, EDNER ETIENNE** and persons known and unknown to the Grand Jury discussed and planned the use of harassing, intimidating, and coercive tactics against VICTIM 1.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that **BAYRON BENNETT, MICHAEL JOSE DULFO, JERREN KEITH HOWARD, EDNER ETIENNE** and persons known and unknown to the Grand Jury formulated a plan and agreement which, among other things, included:

1. **BAYRON BENNETT, MICHAEL JOSE DULFO, JERREN KEITH HOWARD, EDNER ETIENNE** and their co-conspirators used facilities and channels of interstate commerce, that is cellular phones, electronic devices, internet search engines, websites, vehicle tracking devices, motor vehicles, the internet and cellular phone networks, to surveil VICTIM 1.

2. **BAYRON BENNETT, MICHAEL JOSE DULFO, JERREN KEITH HOWARD, EDNER ETIENNE** and their co-conspirators coordinated arsons and a vehicle crash targeting VICTIM 1 or persons associated with VICTIM 1, such as VICTIM 2.

3. **BAYRON BENNETT** and **MICHAEL JOSE DULFO** made payments to participants in the conspiracy to stalk VICTIM 1 through the distribution of United States currency, to include payments through internet platforms such as Cash App, an internet application that permits the transfer of currency from one individual to another.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, the following overt acts, among others, were committed:

1. On or about July 2, 2022, **MICHAEL JOSE DULFO, JERREN KEITH HOWARD**, and persons known and unknown to the Grand Jury travelled to an area near the residence of VICTIM 1's sister, VICTIM 2, in Miami-Dade County.

2. On or about August 12, 2023, **MICHAEL JOSE DULFO and EDNER ETIENNE** travelled to an area near the residence of VICTIM 1's sister, VICTIM 2, in Miami-Dade County.

3. On or about August 30, 2023, **MICHAEL JOSE DULFO, JERREN KEITH HOWARD, and EDNER ETIENNE** travelled to a Home Depot parking lot in Miami-Dade County.

4. On or about August 30, 2023, **MICHAEL JOSE DULFO, JERREN KEITH HOWARD, and EDNER ETIENNE** took possession of a rental truck from a Home Depot in Miami-Dade County.

5. On or about August 30, 2023, **EDNER ETIENNE** crashed a motor vehicle into VICTIM 1's motor vehicle while it was occupied by VICTIM 1.

6. On or about August 30, 2023, **JERREN KEITH HOWARD and EDNER ETIENNE** had a telephone conversation.

7. On or about August 30, 2023, **MICHAEL JOSE DULFO** sent $200 to **EDNER ETIENNE** via Cash App.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Stalking
### 18 U.S.C. § 2261A(2)(A)

Beginning from in or about June 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 7, 2024, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,
MICHAEL JOSE DULFO,
JERREN KEITH HOWARD, and
EDNER ETIENNE,**

did, with the intent to kill, injure, intimidate, and place under surveillance with intent to kill, injure, and intimidate another person, that is, VICTIM 1, use any interactive computer service and electronic communication service and electronic communication system and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death or serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2.

4

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

### COUNT 3
### Use of Interstate Facilities in Aid of Racketeering
### 18 U.S.C. § 1952(a)

From on or about June 2022, through on or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,
MICHAEL JOSE DULFO, and
JERREN KEITH HOWARD,**

did knowingly use facilities in interstate and foreign commerce to distribute the proceeds of unlawful activity, commit any crime of violence to further unlawful activity, and otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, and thereafter performed and attempted to perform an act to distribute the proceeds of unlawful activity, commit any crime of violence to further unlawful activity, and otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(1), (2) and (3), and 2.

Pursuant to Title 18, United States Code, Section 1952(b), it is further alleged that the unlawful activity is Arson, in violation of Title 18, United States Code, Section 844(h) and (i), and Florida Statute 806.01(1)(a) and (b).

Pursuant to Title 18, United States Code, Section 1952(a)(B), it is further alleged that the use of facilities involved the intent to commit Stalking, in violation of Title 18, United States Code, Section 2261A(2)(A).

5

## COUNT 4
### Arson
### 18 U.S.C. § 844(i)

On or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO, and**
**JERREN KEITH HOWARD**

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 5
### Use of Fire to Commit a Felony
### 18 U.S.C. § 844(h)

On or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO, and**
**JERREN KEITH HOWARD,**

did knowingly use fire, namely the ignition of a flammable liquid previously poured on a motor vehicle, to commit a felony which may be prosecuted in a court of the United States, namely, Use of Interstate Facilities in Aid of Racketeering, in violation of Title 18, United States Code, Section 1952(a), and Stalking, in violation of Title 18, United States Code, Section 2261A(2), all in violation of Title 18, United States Code, Sections 844(h) and 2.

## COUNT 6
## Use of Interstate Facilities in Aid of Racketeering
## 18 U.S.C. § 1952(a)

From on or about July 3, 2022, through on or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,
MICHAEL JOSE DULFO,
JERREN KEITH HOWARD, and
EDNER ETIENNE,**

did knowingly use facilities in interstate and foreign commerce to distribute the proceeds of unlawful activity, commit any crime of violence to further unlawful activity, and otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, and thereafter performed and attempted to perform an act to distribute the proceeds of unlawful activity, commit any crime of violence to further unlawful activity, and otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(1), (2) and (3), and 2.

Pursuant to Title 18, United States Code, Section 1952(b), it is further alleged that the unlawful activity is Arson, in violation of Title 18, United States Code, Section 844(h) and (i), and Florida Statute 806.01(1)(a) and (b).

Pursuant to Title 18, United States Code, Section 1952(a)(B), it is further alleged that the use of facilities involved the intent to commit Stalking, in violation of Title 18, United States Code, Section 2261A(2)(A).

## COUNT 7
### Arson
### 18 U.S.C. § 844(i)

On or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 8
### Use of Fire to Commit a Felony
### 18 U.S.C. § 844(h)

On or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did knowingly use fire, namely the ignition of a flammable liquid previously poured on a motor vehicle, to commit a felony which may be prosecuted in a court of the United States, namely, Use of Interstate Facilities in Aid of Racketeering, in violation of Title 18, United States Code, Section

1952(a), and Stalking, in violation of Title 18, United States Code, Section 2261A(2), all in violation of Title 18, United States Code, Sections 844(h) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **BAYRON BENNETT, MICHAEL JOSE DULFO, JERREN KEITH HOWARD,** and **EDNER ETIENNE** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1952, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 981(a)(1(C), 982(a)(1), 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

FOREPER

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
BRIAN DOBBINS
ASSISTANT UNITED STATES ATTORNEY

_____
IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20110-CR-GAYLES/GOODMAN

v.

BAYRON BENNETT, et al.,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendants.

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL   ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 15 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☐ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☒ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-mj-02454, 02460
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) ____
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of 03/07/2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____ tcr
BRIAN DOBBINS
Assistant United States Attorney
Court ID No.  A5501182

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **BAYRON BENNETT**

**Case No:** _____

Count #: 1

Conspiracy to Commit Stalking

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: **5 years**
* Mandatory Min. Term of Imprisonment (if applicable): **N/A**
* Max. Supervised Release: **2 years**
* Max. Fine: **$250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* Max. Term of Imprisonment: **10 years**
* Mandatory Min. Term of Imprisonment (if applicable): **N/A**
* Max. Supervised Release: **3 years**
* Max. Fine: **$250,000**

Counts #: 3, 6

Use of an Interstate Facility in aid of racketeering

Title 18, United States Code, Section 1952
* Max. Term of Imprisonment: **20 years**
* Mandatory Min. Term of Imprisonment (if applicable): **N/A**
* Max. Supervised Release: **3 years**
* Max. Fine: **$250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __BAYRON BENNETT__

**Case No:** _____

Counts #: 4, 7

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 5, 8

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years for subsequent offenses**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **MICHAEL JOSE DULFO**

**Case No:** _____

Count #: 1

Conspiracy to Commit Stalking

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 2 years**
* **Max. Fine:  $250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 3, 6

Use of an Interstate Facility in aid of racketeering

Title 18, United States Code, Section 1952
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **MICHAEL JOSE DULFO**

**Case No:** _____

Counts #: 4, 7

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 5, 8

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years for subsequent offenses**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __JERREN KEITH HOWARD__

**Case No:** _____

Count #: 1

Conspiracy to Commit Stalking

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 2 years**
* **Max. Fine: $250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 3, 6

Use of an Interstate Facility in aid of racketeering

Title 18, United States Code, Section 1952
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **JERREN KEITH HOWARD**

**Case No:** _____

Counts #: 4, 7

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Counts #: 5, 8

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years for subsequent offenses**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **EDNER ETIENNE**

**Case No:** _____

Count #: 1

Conspiracy to Commit Stalking

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 2 years**
* **Max. Fine: $250,000**

Count #: 2

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 6

Use of an Interstate Facility in aid of racketeering

Title 18, United States Code, Section 1952
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **EDNER ETIENNE**

**Case No:** _____

Count #: 7

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 8

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.